IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 16 2002

Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA §
§
§ Case No. B-00-359
vs. § Civil No. B-02-158
§
§
Arturo Salinas-Mendez §

PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND MEMORANDUM OF LAW IN ITS SUPPORT

COMES NOW, Petitioner Arturo Salinas-Mendez, pro-se, and petitions the court to vacate, set aside or correct Petitioner's sentence in the above styled case.

## JURISDICTION

Jurisdiction is invoked upon the honorable court pursuant to 28 U.S.C. § 2255.

## PROCEDURAL HISTORY OF THE CASE

The petitioner was indicted by grand jury in the Southern District of Texas on August 29, 2000 on one court of violating 8 U.S.C. § 1326(a) and 1326(b).

On September 13, 2000 petitioner plead guilty to the indictment before the Honorable **John WM. Black**, U.S. Magistrate Judge, Brownsville, Texas, and On January 5, 2001 the court sentenced Petitioner to serve eighty-six months in the custody of the Bureau of Prisons, followed by a three-year term of supervised release. The court did not impose a fine, but did impose a $100.00 special assessment.

Petitioner did not file an appeal, but his court appointed attorney **Laura Fletcher Leavitt**, filed an Anders Brief, and on August 23, 2001, the Fifth Circuit Court of Appeals dismissed his appeal pursuant to the Anders brief.

Therefore the petitioner has timely filed his petitioner under 28 U.S.C. § 2255.

**STATEMENT OF FACTS**

Petitioner's indictment charges him as an alien who had previously been denied admission, excluded, deported, and removed, knowingly and unlawfully was present in the United States having been found in Cameron County, Jail the said defendant having not obtained consent of the Attorney General of the United States for re-application by the defendant for admission into the United States, all in violation of **Title 8 U.S.C. § 1326(a)** and **1326(b)**.

After Petitioner plead guilty on the charged indcitment, the probation officer submitted his report and arbitrarily applied **8 U.S.C. § 1326(b)(2)** for the purpose of sentencing enhancement and Judge **Hilda G. Tagel** U.S. District Judge accepted the recommendations by the probation department and sentenced petitioner to **86 months** of incarceration with the B.O.P. based on the violation of **8 U.S.C. § 1326(a)(2) and 1326(b)(2)**.

Petitioner claims the the U.S. Attorney **Mervyn M. Mossbacker**, AUSA **E. Michael Rodriguez**, and the probation officer **Ralph Garcia**, conspired and interpreted the definition of **8 U.S.C. § 1326(a) and 1326(b)** into **8 U.S.C. § 1326(a)(2) and 1326(b)(2)** without furnishing any support to their arbitrary

construction of a federal statute and broadening of the indictment be adding aggravated felony conviction in their representation to the District Court while the element of aggravated felony conviction is not found in the indictment issued by grand jury.[1/]

At sentencing, the District Court accepted the recommendations made by the probation department within the statutory provision of 8 U.S.C. § 1326(b)(2) and enhanced petitioner's sentence by 16 levels under U.S.S.G. § 2L1.2 (b)(1)(A).

The facts outlined herein raise questions pertaining to, (1) Whether the indictment failed to charge the offense, and (2) Whether sufficient factual basis existed for the District Court to accept the guilty plea.

(1) WHETHER THE INDICTMENT FAILED TO CHARGE THE OFFENSE?
FACTS OF THE ISSUES

The indictment issued on August 29, 2000, has accused petitioner in violating 8 U.S.C. § 1326(a) and (b), but without specifying whether the petitioner violated 8 U.S.C. § 1326(a)(2) and 8 U.S.C. § 1326(b)(2) both without outlining the facts that he was previously deported subsequent to an aggravated felony conviction.

foot note/

1/ The petitioner is gravely concerned about the U.S. Attorney, AUSA, and probation officers mis-representation of 8 U.S.C. § 1326(a) and (b) into 8 U.S.C. § 1326(a)(2) and (b)(2) and inclusion of the facts not found in the indictment.

STANDARD OF REVIEW

"The indictment or the information shall be plain, concise and definite written statement of the essential facts constituting the offense charged". Rule 7(c)(1) of the Federal Rules of Criminal Procedure.

"The starting place for any determination of whether the charged conduct is proscribed [by criminal] statute is a reading of the language of the charging instrument and statute itself". U.S. v. Morales-Rosales, 838 F.2d 1359, 1361 (5th Cir. 1988).

"An information that fails to allege each material element of an offense fails to charge that offense". U.S. v. London, 550 F.2d 206, 211 (5th Cir. 1977).

In U.S. v. Gayton, 74 F.3d 545 (5th Cir. 1996), the court stated "the Sixth Amendment requires that an indictment (1) enumerate each prima facia element of the charged offense, (2) fairly inform the defendant of the charges filed against him, and (3) provides the defendant with a double jeopardy defense against further prosecution". 74 F.3d at 551 [4], U.S. v. Arlen, 947 F.2d 139, 144 (5th Cir. 1991).

In U.S. v. Foley, 73 F.3d 484 (2nd Cir. 1996), the court outlined that "in assessing whether the indictment charges an offense under the statutory provision alleged, we note it is generally sufficient that an indictment set forth the offense in the words of statute itself, as long as those words of themselves, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be

punished". 73 F.3d at 488 [5,6], Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974) (quoting U.S. v. Carll, 105 U.S. 611, 612, 26 L.Ed 1135 (1881).

## DISCUSSION

To be sufficient, an indictment must allege each material element of the offense and if it does not, it fails to charge the offense. This requirement stems directly from one of the central purpose of an indictment, to ensure that the grand jury finds probable cause that the defendant has committed each element of the offense as required by the Fifth and Sixth Amendment's requirement is that the indictment enumerates each prima facia element of the charged offense and fairly informs the defendant of the charges filed against him. 74 F.3d at 551.

In Petitioner's case, the indictment charges him of violation 8 U.S.C. § 1326(a) and 1326(b), but without outlining whether the petitioner is subject to 8 U.S.C. § 1326(a)(2) and 8 U.S.C. § 1326(b)(2) of the statute for re-entry of removed aliens, while 8 U.S.C. § 1326(a) refers to re-entry of an alien and outlines in pertinent: "That any alien who (1) has been denied admission, exclusion, deported or has departed United States----and thereafter (2) enters, attempts to enter, or is at anytime found in, the United States, unless (A) prior to his re-embarkation at a place outside United States or his application for admission from foreign continuous territory, the Attorney General has expressly consented to such alien's re-applying for admission, or (B) with respect to an alien previously denied admission and removed, unless such alien had established that he was not required to obtain such advance

consent under this chapter or any other prior **Act**, shall be fined under **Title 18** or imprisoned not more than **2 years** or **both**".

**8 U.S.C. § 1326(b)(2)** referring to criminal penalties for re-entry of certain removed aliens, it outlined in the case of an alien described in such subsections and states in pertinent "that whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such **Title**, impsrionsed not more than **20 years** or **both**".

The reading of the indictment in Exhibit 1 (copy of the indictment) outlined violation of **8 U.S.C. § 1326(a) and § 1326(b)** which refers to the general statute for re-entry of removed aliens and criminal penalties for re-entry of certain removed aliens and has subsections **(a)(1)(2)**, **(b)(1)(2)(3)(4)**, **(C)** and **(d)(1)(2)(3)** for different sets of violations pertaining to re-entry of removed aliens.

In petitioner's case, the indictment sets forth the offense of re-entry with the statutory provision of **8 U.S.C. § 1326(a) and § 1326(b)** in general for the purpose of defining petitioner's offense is statutory terms without the support of any subsections of the statute and therefore fails to set forth all the elements necessary to constitute the offense intended to be punished by the application of the statutory provision of **8 U.S.C. § 1326**. For instance the punishment intended under **8 U.S.C. § 1326(a)(2)** is a fine and imprisonment of not more than **2 years** or **both**, under **8 U.S.C. § 1326(b)(2)**, the punishment is a fine and imprisonment of not more than **20 years** or **both**, while re-entry of an alien deported subsequent to an aggravated felony conviction is the salient issue under **8 U.S.C. § 1326(b)(2)**.

The indictment defines petitioner's violation of simply citing **8 U.S.C. § 1326(a) and § 1326(b)** in general without sufficient precision and thus prejudiced his guilty plea negotiations. The indictment clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by grand jury, **U.S. v. Walsh, 194 F.3d 37 (2nd Cir. 1999) at 45,** whereby in petitioner's case, the prosecution was aware of the missing elements in the indictment and he simply filled in the gaps by interpreting **8 U.S.C. § 1326(a) and § 1326(b)** into **8 U.S.C. § 1326(b)(2)** for the purpose of negotiating a guilty plea and enhancing his sentence by **16 levels** purpose to **8 U.S.C. § 1326(b)(2),** knowing fully well that the fact of aggravated felony conviction was absent and not considered by the grand jury and **8 U.S.C. § 1326(b)(2)** was therefore not applicable within the confines of the indictment.

Likewise, Sixth Amendment requires that the indictment enumerate each prima facia of the charged offense and fairly inform the defendant of the charges filed against him, **U.S. v. Gayton, 74 F.3d at 551,** and it is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty of ambiguity, set forth all the elements to constitute the offense, **Hamling v. United States, 418 U.S. at 117,** and when, however, one element of the offense is implicit in the statute, rather than explicit, and the indictment tracks the language of the statute and fails to allege implicit

element explicitly, the indictment fails to allege the offense. **United States v. Carll, 105 U.S. at 613.**

In petitioner's case, violation of **8 U.S.C. § 1326(a) and § 1326(b)** does not define the elements of the offense by itself. The element of the offense are implicit in different subsections of **8 U.S.C. § 1326**, such as **8 U.S.C. § 1326(a)(2) and (b)(2)**, and these subsections are absent in the indictment and as a result, the indictment had simply tracked the language of the statute in general but has failed to enumerate explicitly the elements of the offense inplicit within the statutory provision of **8 U.S.C. § 1326** in violation of the Sixth Amendment of the Constitution for the United States of America.

**CONCLUSION**

For the foregoing reasons, the petitioner concludes that the indictment has failed to charge the offense in his case. The indictment charges petitioner in violation of **8 U.S.C. § 1326(a) and § 1326(b)** in general but fails to outline the elements of the offense defined by different subsections of **8 U.S.C. § 1326** in violation of the Fifth and Sixth Amendment to the Constitution for the United States of America, and therefore, request the court to set aside judgment of this court based on the failure of indictment to charge the offense.

///

///

///

(2) WHETHER SUFFICIENT FACTUAL BASIS EXISTED FOR THE DISTRICT COURT TO ACCEPT THE GUILTY PLEA?

FACTS OF THE ISSUE

On September 13, 2000, the petitioner pleaded guilty under Rule 11 of the Federal Rules of Criminal Procedure[2/] with the assistance of his court appointed counsel to the charge contained in the indictment. During the guilty plea hearing, the District Court establish the factual basis of the guilty plea under 8 U.S.C. § 1326(b)(2) and advised petitioner that one count indictment in his case carried a maximum term of imprisonment of 20 years, a maximum fine of $250,000 and a $100.00 special assessment.[3/]

STANDARD OF REVIEW

In U.S. v. Johnson, 194 F.3d 657 (5th Cir. 1999), the court outlined that a trial court can not accept a guilty plea unless there is a sufficient factual basis for that plea under Rule 11 of the Federal Rules of Criminal Procedure. The purpose of this rule is to protect a defendant who pleads with an understanding of the charge but "without realizing that his conduct does not actually fall within the definition of the crime charged". 194 F.3d at 660.

foot notes/

2/ Rule 11 provides in pertinent part: "Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands the following: (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term---".

3/ The facts pertaining to the guilty plea hearing and judge's admonishment of a maximum imprisonment term of 20 years are taken as being factual from the (PSR) submitted by the probation department and accepted by petitioner's court appointed attorney.

The prosecution must present evidence to the subjective satisfaction of the District Court which indicates that the defendant actually committed the offense to which he is pleading guilty. **U.S. v. Antone, 753 F.2d 1301, 1305 (5th Cir. 1980).**

The factual basis must be evident in the record and must be sufficiently specific to allow the court to determine whether the defendant's conduct was within the ambit of statute's prohibitions. **U.S. v. Carter, 117 F.3d 262, 264 (5th Cir. 1997), U.S. v. Gobert, 139 F.3d 436, 439 (5th Cir. 1998).**

In the case of **U.S. v. Angels-Mescote, 206 F.3d 529 (5th Cir. 2000)**, the court outlined that sufficiency of guilty plea first time on appeal will be reviewed for plain error and will be reviewed for plain error and petitioner must show: **(1)** that there was error, **(2)** that error was clear and obvious, and **(3)** that it affected the petitioner's substantial rights. **206 F.3d at 530 [2-4].**

**<u>DISCUSSION</u>**

The facts stipulated by the petitioner and presented by the prosecution as the basis of petitioner's guilty plea in violation of **8 U.S.C. § 1326(b)(2)** do not support finding that petitioner violated **8 U.S.C. § 1326(b)(2)**, because the indictment has clearly accused petitioner of violating **8 U.S.C. § 1326(a) and § 1326(b)** and also lacks the element of aggravated felony conviction which is a pre-requisite under **8 U.S.C. § 1326(b)(2)** to be validly applicable within the statutory provision of **8 U.S.C. § 1326.**

The prosecution has been aware of the fact that petitioner did not violate **8 U.S.C. § 1326(b)(2)**, knowing fully well that the element of aggravated felony conviction is absent in the indictment.

In petitioner's case, the District Court relied on the erroneous representations made by the prosecution and as a result, accepted petitioner's guilty plea for violation of 8 U.S.C. § 1326(b)(2) and admonished him under Rule 11(c)(1) as to the maxium term of imprisonment of 20 years.

As a result of District court's acceptance of the facts not found in the indictment as the basis of guilty plea, the District court committed a plain error in accepting petitioner's guilty plea. The factual basis as stipulated by the parties in the guilty plea failed to establish that petitioner violated 8 U.S.C. § 1326(b)(2).

PLAIN ERROR ANALYSIS

In order to determine whether the District court committed plain error in accepting his guilty plea for violation under 8 U.S.C. § 1326(a) and § 1326(b), the petitioner proceeds by way of plain error analysis.

The indictment clearly charges petitioner for violation of 8 U.S.C. § 1326(a) and § 1326(b) but somehow, it changed into 8 U.S.C. § 1326(b)(2) and § 1326(b)(2) by the time it was presented to the District Court for guilty plea hearing and whereby, the District court failed to notice the difference and enhanced petitioner's sentence by 16 levels, and accordingly sentenced him to eighty six (86) months of imprisonment and three years of supervisory release within the confines of 8 U.S.C. § 1326(b)(2).

WHETHER THE ERROR AFFECTED PETITIONER'S SUBSTANTIAL RIGHTS?

Federal Rules of Criminal Procedure 52(b) states that "plain error or defects affecting substantial rights may be noticed

although they were not brought to the attention of the court". This step is akin to the substantial rights analysis employed in preserved error cases under the harmless provision of **Rule 52(a)**, which provides that "any error which does not affect substantial rights shall be disregarded". To affect substantial rights an error must have affected the outcome of District Court's proceedings. **Olano, 507 U.S. at 734.**

In petitioner's case, the District Court accepted insufficient facts as the basis for the guilty plea in enhancing petitioner's sentence by **16 levels** under **8 U.S.C. § 1326(b)(2)**, which did not comport with due process clause of the Fifth Amendment and equal protection of law, and this the error clearly affected petitioner's substantial rights.

**APPLICATION OF PLAIN ERROR ANALYSIS IN PETITIONER'S CASE**

Prior to Supreme Court's decision in **U.S. v. Cotton** of May 20, 2002, the error outlined in previous decisions were jurisdictional in nature. Under the analysis of **Cotton,** the court has determined that it has subject matter jurisdiction, and error are to be challenged through the Plain Error Analysis.

In accordance with the Supreme Court's ruling on **U.S. v. Cotton,** the petitioner proceeds by way of plain error analysis within **Rule 52(b)** of the Federal Rules of Criminal Procedure. The Plain error standard is set by the Supreme Court in **U.S. v. Olano, 507 U.S. 725, 731-37, 113 S.Ct. 1770. 1776-79, 123 L.Ed.3d 508 (1993).**

To meet the plain error standard under **Rule 52(b),** it requires petitioner's ability to demonstrate, **(1)** error, **(2)** that

is plain, and (3) that affect substantial rights. If these conditions are met, the court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. **Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997).**

**ERRORS COMMITTED BY THE DISTRICT COURT**

As outlined earlier, the District Court committed two errors in petitioner's case.

(1) The District court accepted the indictment and it failed to charge the offense.

(2) The District Court accepted the guilty plea without sufficient factual basis, and erroneously enhanced petitioner sentence.

**THE ERRORS WERE PLAIN**

In petitioners case, the errors outlined in (1) and (2) were highly prejudicial, whereby:

**Firstly:** The District Court accepted the indictment and the indictment failed to charge the offense. the petitioner was charged under 8 U.S.C. § 1326(a) and § 1326(b) without specifying the charged offense.

**Secondly:** The District Court erroneously accepted the guilty plea, and enhanced petitioner 16 levels without factual basis.

**THE ERRORS AFFECTED PETITIONER'S SUBSTANTIAL RIGHTS**

In petitioner's case, the errors committed by the district court outlined in **(1)** and **(2)** affected petitioner's substantial rights.

Federal Rules of Criminal Procedure **52(b)** states that "plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court". This step is akin to the **"Substantial"** rights analysis employed in preserved-error cases under harmless provision of **52(a)**, which provides that "any error which does not affect substantial rights shall be disregarded".

The Supreme Court outlined in **U.S. v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)**, "to affect substantial rights an error must affected the outcome of District Court proceedings". **507 U.S. at 734.**

Petitioner's sentencing **86** months did not comport with the Supreme Court's interpretation of section **§ 1326(b)** to enhance petitioner's sentence thus violating petitioner's constitutional due process clause of the Fifth Amendment and as a result, the error clearly affected petitioner's substantial rights.

Based on the foregoing, the petitioner asserts that the procedure used by the District court to enhance petitioner's sentence was a plain error which seriously affected the judicial proceedings in this case. **U.S. v. Franks, 46 F.3d 402, 404 (5th Cir. 1995.**

## RELIEF SOUGHT

In light of the foregoing facts, the petitioner hereby seeks the judgment of the court vacated and set aside and his sentence be amended in light of the facts presented to the honorable court in this petition.

Respectfully submitted,

Arturo Salinas-Mendez

Date: July 30, 2002

Place: Beaumont, Texas

## CERTIFICATE OF SERVICE

I Arturo Salinas-Mendez declare that on July 30, 2002 AD, I sent a copy of § 2255 petition to the office of the U.S. Attorney addressed to:

Mr. Michael Rodriguez
Assistant U.S. Attorney
600 E. Harrison, Suite 201
Brownsville, Texas 78502

I affirm under penalty of perjury that the foregoing is true and correct.

by

Arturo Salinas-Mendez

Date: July 30, 2002

Place: Beaumont, Texas

E X H I B I T

1

COPY OF THE INDICTMENT

2000R03676/emdl

United States District Court
Southern District of Texas
FILED

AUG 29 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs | § | CRIMINAL NO. B-00-359 |
| | § | |
| ARTURO SALINAS-MENDEZ | § | |

**INDICTMENT**

THE GRAND JURY CHARGES:

On or about August 1, 2000, in the Southern District of Texas and within the jurisdiction of the Court, Defendant

ARTURO SALINAS-MENDEZ,

an alien who had previously been denied admission, excluded, deported, and removed, after having been convicted of an aggravated felony, knowingly and unlawfully was present in the United States having been found in Cameron County, Texas, the said defendant having not obtained the consent of the Attorney General of the United States for reapplication by the defendant for admission into the United States.

In violation of Title 8, United States Code, Section 1326(a) and 1326(b).

A TRUE BILL:

JOSE R. MONTEMAYOR, Jr.
FOREPERSON
FOREMAN OF THE GRAND JURY

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

E. MICHAEL RODRIGUEZ
Assistant United States Attorney