5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

DEC 0 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARTURO SALINAS-MENDEZ, | § | |
| Petitioner-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION No. B-02-158 |
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| (CR B-00-359) | § | |

## GOVERNMENT'S ANSWER AND MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

1.

The court ordered the government to respond to Petitioner's, Arturo Salinas-Mendez (hereinafter referred to as Salinas) 28 U.S.C. §2255 motion filed on August 16, 2002, by December 9, 2002. The government moves to dismiss and, in the alternative, moves for summary judgment.

2.

The government denies each and every allegation of fact made by Salinas, except those supported by the record and those specifically admitted herein, and demands proof thereof.

3.

Salinas was indicted on August 29, 2000 in the Southern District of Texas, Brownsville Division, in CR B-00-359, and charged with being found in the United States without the consent of the Attorney General, after having been deported in violation of 8 U.S.C. §§1326(a) and 1326(b) (Doc. 1). No challenge to the indictment was made prior to the entry of a guilty plea (Doc. 5).

On September 13, 2000, Salinas entered a guilty plea to the indictment in conformance without a plea agreement with the government (Doc. 5).

The probation department scored Salinas at base offense level 8 under U.S.S.G. §2L1.2, increased by sixteen (16) levels as a result of three prior aggravated felony convictions for: (1) aggravated assault on a police officer in No. 438242 in Harris County, Texas obtained on October 14, 1987; (2) burglary of a motor vehicle in No. 484809 in Harris County, Texas; and (3) burglary of a habitation in No. 97-CR-1596E in Cameron County, Texas, obtained on April 24, 1998, qualifying aggravated felony offenses under §2L1.2(b)(1)(A) as defined by 8 U.S.C. §1101(a)(43). Salinas was deported to Mexico on March 3, 1998 and October 5, 1998 (PSR, ¶¶11). His adjusted offense level was calculated at level twenty-four (24). It was recommended that he receive a three-level downward adjustment under U.S.S.G. §3E1.1(a,b) for timely acceptance of responsibility for a total offense level score of twenty-one (21). Salinas' criminal history resulted in

fifteen (15) countable points and a criminal history category of VI, bearing a punishment range of 77 to 96 months imprisonment (PSR, ¶¶58). Salinas did not object to the PSR (PSR Addendum).

At sentencing held on January 5, 2001, the court adopted the recommendations of the Magistrate Court concerning the guilty plea and adopted the probation department's recommendations. The court sentenced Salinas to eighty-six (86) months imprisonment followed by a three-year supervised release term. He was also ordered to pay $100.00 in a mandatory special assessment (Docs. 15).

He unsuccessfully appealed. *United States v. Salinas-Mendez*, (No. 01-40066) (table)(unpublished)(Docs. 23-24). The Federal Public Defender filed an *Anders* brief on his behalf. Salinas' appeal was dismissed as frivolous.

On August 16, 2002, Salinas filed the instant post-conviction *pro se* pleading under 28 U.S.C. §2255. This Court directed the government to file a responsive pleading by December 9, 2002. The government moves to dismiss.

4.

The pleading is timely. Salinas had one year from the date his conviction was final to file a §2255 motion, or one year following the denial of his petition for *writ of certiorari*. See *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000); *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001); see also *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); but see and compare *Gendron*

*v. United States*, 154 F.3d 672, 674 (7th Cir. 1998)(holding that limitations period under §2255 [1] runs from date of issuance of appellate court mandate where no further direct review is sought); *United States v. Torres*, 211 F.3d 836, 838 (4th Cir. 2000)(same). Salinas' mandate was issued on September 14, 2001 (DOC 23). Salinas filed the instant pleading on August 16, 2002. The petition is timely.

5.

## ALLEGATIONS

Salinas makes two essential allegations: (1) the indictment failed to charge all of the essential elements for the offense for which he was sentenced as it failed to allege the specific statutory punishment subsection (§1326[b][2])to which he was exposed; and (2) the factual basis for his plea was insufficient as it failed to sustain the essential element relating to his prior conviction for an aggravated felony.

6.

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §2255 (eff. April 24, 1996). Salinas is currently incarcerated at the United States Bureau of Prisons facility in Beaumont, Texas. He seeks federal habeas corpus relief pursuant to 28 U.S.C. §2255 from his conviction in the Brownsville Division of the Southern District of Texas. A §2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted). Relief

under a §2255 motion "is warranted for errors that occurred at trial or sentencing."
*Id.* He seeks relief from his conviction and sentence, and the relief sought under §2255 is appropriate .

The four grounds justifying relief under 28 U.S.C. §2255 are: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack". 28 U.S.C. §2255 (2000); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). After a conviction and exhaustion or waiver of any right to appeal, a court is usually "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001)(citing *United States v. Frady*, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592-93 [1982]); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). Thus, motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)(citations omitted); *see Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305 (1974); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962).

To obtain post-conviction relief in a collateral attack, a defendant must show either: (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, *see Frady*, 456 U.S. at 167-68, 102 S.Ct. at 1594, or (2) that he is actually innocent. *Shaid*, 937 F.2d at 232. "'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

Regarding his allegation relating to the insufficiency of the factual basis in support of his plea, pursuant to the Supreme Court's recent opinion in *Bousley*, a petitioner can successfully petition for §2255 relief after a guilty plea only if: (1) the plea was not entered voluntarily or intelligently, see *Id.*, 118 S.Ct. at 1610-11, or (2) the petitioner establishes that he is actually innocent of the underlying crime see *Id.*, 118 S.Ct. at 1611-12. To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact finder would have convicted him." *Id.* (citations and quotations omitted). Further, the Court ruled that Bousley was unable to show cause for his default, rejecting Bousley's claims that prior to the Supreme Court's decision in *Bailey*, a Bailey-type attack on §924(c)(1) conviction was novel or futile. See *Bousley*, 118 S.Ct. at 1611. Thus, the fact that the law was unsettled, or settled incorrectly in petitioner's circuit,

did not excuse the petitioner's failure to directly attack the validity of his plea. See

*Id.*, *United States v. Sanders*, 157 F.3d 302, 305 (5th Cir. 1998). Here, the law

upon which Salinas relies, relating to the sufficiency of his factual basis, was well

settled long prior to Salinas' instant prosecution. Salinas has not demonstrated cause

for his failure to bring this complaint on direct appeal. As such, he has defaulted

to bring this issue on a §2255 motion.    A review of Salinas' re-arraignment

transcript reveals that the Assistant United States Attorney related Salinas' three

prior aggravated felony convictions as part of the factual basis for Salinas' plea, and

that he was facing twenty (20) years imprisonment (DOC. 20, p. 10, 15). So, the

record refutes Salinas' claim that the factual basis for the plea did not "establish that

he violated 8 U.S.C. §1326(b)(2)" (Petitioner's §2255 Motion, p. 11).

Regarding Salinas' attack upon the sufficiency of the indictment, his guilty

plea does not bar his challenge to the indictment since a guilty plea does not waive

jurisdictional defects. e.g., *United States v. Meacham*, 626 F.2d 503, 510 (5th Cir.

1980). "The sufficiency of an indictment is not a matter for federal habeas relief

unless the indictment is so defective that the convicting court had no jurisdiction."

*Uresti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir.1987). Failure to charge an

offense may be raised for the first time in a §2255 petition because such an error

divests the sentencing court of jurisdiction. See *United States v. Prince*, 868 F.2d

1379, 1383 (5th Cir. 1989). A criminal indictment "must be a 'plain, concise, and

definite written statement of the essential facts constituting the offense charged'".

*United States v. Morales-Rosales*, 838 F.2d 1359, 1361 (5th Cir.1988).   "An [indictment] that fails to allege each material element of an offense fails to charge that offense."  *Id*.  The starting place for any determination of whether the charged conduct is proscribed by a criminal statute is a reading of the language of the charging instrument and the statute itself.  *Id.*, *United States v. Harper*, 901 F.2d 471, 472-73 (5th Cir. 1990).

*Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219 (1998) refutes Salinas' claim that the punishment provision of §1326 represents an element of the offense.  The treatment of the "felony" and "aggravated felony" provisions of §1326 as sentencing factors is consistent with the holding in *Almendarez-Torres*.

In any event, it is evident that the omission of any particular "element" of the offense in an indictment (much less the citation of the specific punishment statute subsection) does not deprive the court of jurisdiction.  "[D]efects in an indictment are non-jurisdictional, they do not deprive a court of its power to adjudicate a case."  *United States v. Cotton*, 122 S.Ct. 1781, 1784-85 (2002); *United States v. Longoria*, 298 F.3d 367, 2002 WL 1491784 at 3 and n.6 (5th Cir. 2002)(quoting *Cotton*).  Suffice to say, the fact that the indictment cited the general punishment section of 8 U.S.C. §1326(b), rather than the specific subsection to which he was exposed, (b)(2) is not a "deficiency" of jurisdictional significance.  The indictment actually

alleged that Salinas' deportation occurred following his conviction for an aggravated felony, thus charging him with, and noticing him of a violation falling within the purview of §1326(b)(2).

7.

**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, the government respectfully prays that Salinas' §2255 petition be dismissed or, in the alternative, be subject to summary judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER
Chief, Appellate Division

MARK M. DOWD
Assistant United States Attorney
600 E. Harrison, #201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal Bar No. 9314
(956) 548-2554

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO SALINAS-MENDEZ, | § | |
|     Petitioner-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION No. B-02-158 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent-Plaintiff | § | |
|     (CR B-00-359) | § | |

**Transcript of the re-arraignment proceeding as to Arturo Salinas-Mendez can be located at Tab #20 of the U. S. District Clerk's file under Criminal No. B-00-359**

**Transcript of the sentencing proceeding as to Arturo Salinas-Mendez can be located at Tab #21 of the U. S. District Clerk's file under Criminal No. B-00-359**

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, December __7__, 2002, addressed to:

Arturo Salinas-Mendez
No. 94301-079
Federal Correctional Institution
PO Box 26040
Beaumont, TX 77720

Mark M. Dowd
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO SALINAS-MENDEZ, | § | |
| Petitioner-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION No. B-02-158 |
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| (CR B-00-359) | § | |

## RECOMMENDED ORDER

The Court, having considered Salinas' motion to vacate sentence under 28 U.S.C. §2255 and the government's answer, concludes that dismissal is warranted. Salinas has failed to demonstrate cause and prejudice for failing to bring the instant allegations on direct appeal. As such, he has defaulted these claims.

The instant indictment suffers no defects. Regardless, "defects in an indictment do not deprive a court of jurisdiction or of its power to adjudicate a case." *United States v. Cotton*, 122 S.Ct. 1781, 1785 (2002); *United States v. Longoria*, 2002 WL 1491784 at 3 and n.6 (5th Cir. July 12, 2002)(Nos. 00-50405, 00-50406)(quoting *Cotton*). Salinas' factual claims relating to an insufficient factual basis for his guilty plea are belied by the record. Salinas was advised at his plea he was facing a twenty-year sentence. The Assistant United States Attorney related Salinas' the three aggravated felony convictions as part of the factual basis of the plea. Regardless *Almendarez-Torres* refutes Salinas' claims that the punishment

statute §1326(b)(2) represents an element of the charged offense. The motion to

vacate sentence should be dismissed.

DONE this _____ day of _____, 2002 at Brownsville, Texas.


_____

UNITED STATES MAGISTRATE JUDGE