UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 16 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ARTURO SALINAS-MENDEZ, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-02-158 CRIMINAL NO. B-00-359 |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Arturo Salinas-Mendez (Petitioner) has filed a timely 28 U.S.C. §2255 petition for a writ of habeas corpus. Petitioner asserts two grounds for relief: (1) the indictment failed to charge all the essential elements of the offense for which he was sentenced as it failed to allege the specific statutory punishment subsection that applied to him; and (2) the factual basis for his plea was insufficient as it failed to sustain the essential element relating to his prior conviction for an aggravated felony. For the reasons stated below, the petition should be DENIED.

### BACKGROUND

On September 13, 2000, Petitioner pleaded guilty without a plea agreement to illegal reentry after deportation, 8 U.S.C. § 1326(a) & (b). Petitioner received a 16-level increase in his guideline score for prior convictions. After adjustments, his guideline level was 21 and he possessed a criminal history level of VI. On January 5, 2001, the District Court sentenced Petitioner to eighty-six (86) months incarceration. The Court also ordered that his term of imprisonment be followed by a three-year supervised release term. He was also ordered to pay $100 in a mandatory special assessment.

1

Salinas-Mendez unsuccessfully appealed his conviction to the Fifth Circuit Court of Appeals.[1] On August 16, 2002, Rodriguez-Garza filed the instant post-conviction petition under 28 U.S.C. Section 2255.

## ALLEGATIONS

Petitioner asserts two grounds for relief: (1) the indictment failed to charge all the essential elements of the offense for which he was sentenced as it failed to allege the specific statutory punishment subsection that applied to him; and (2) the factual basis for his plea was insufficient as it failed to sustain the essential element relating to his prior conviction for an aggravated felony.

## ANALYSIS

In reference to Petitioner Salinas-Mendez' allegation relating to the insufficiency of the factual basis in support of his plea, a petitioner can successfully petition for Section 2255 relief after a guilty plea only if: (1) the plea was not entered voluntarily or intelligently or (2) the petitioner establishes that he is actually innocent of the underlying crime.[2] To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact finder would have convicted him."[3]

Here, the law upon which Salinas-Mendez relies, relating to the sufficiency of the factual basis, was well-settled long prior to Petitioner's instant prosecution. Additionally, Salinas-

---

[1] United States v. Salinas-Mendez, No. 01-40066 (table)(5th Cir. 2001)(unpublished).

[2] See Bousley v. United States, 523 U.S. 614, 623-24 (1998).

[3] Id.

2

Mendez has not demonstrated cause for his failure to bring this complaint on direct appeal. As such, he has defaulted bringing this issue in a Section 2255 motion.

However, a review of Salinas-Mendez' rearraignment transcript reveals that the Assistant United States Attorney related Petitioner's three prior aggravated felony convictions as part of the factual basis for Salinas-Mendez' plea. Additionally, the Assistant United States Attorney referred to the fact that Petitioner was facing twenty years of imprisonment. Therefore, the record refutes Salinas-Mendez' claim that the factual basis for the plea did not "establish that he violated 8 U.S.C. Section 1326(b)(2)."[4]

Salinas-Mendez' attack upon the sufficiency of the indictment also must fail. Although his guilty plea does not bar his challenge to the indictment since a guilty plea does not waive jurisdictional defects,[5] "the sufficiency of an indictment is not a matter for federal habeas relief unless the indictment is so defective that the convicting court had no jurisdiction."[6] The omission of any particular "element" of the offense in an indictment (much less the citation of the specific punishment statute subsection) does not deprive the court of jurisdiction. Suffice to say, the fact that the indictment cited the general punishment section of 8 U.S.C. Section 1326(b), rather than the specific subsection to which he was exposed, (b)(2) is not a "deficiency" of jurisdictional significance. The indictment actually alleged that Salinas-Mendez' deportation occurred following his conviction for an aggravated felony, thus charging him with, and noticing him of a violation within the purview of Section 1326(b)(2).

---

[4] Petitioner's Section 2255 Motion at 11.

[5] See e.g., United States v. Meacham, 626 F.2d 503, 510 (5th Cir. 1980).

[6] See Uresti v. Lynaugh, 821 F.2d 1099, 1102 (5th Cir. 1987).

## RECOMMENDATION

For the above stated reasons, Petitioner Salinas-Mendez' 28 U.S.C. § 2255 Application to Vacate, Set Aside, or Correct Sentence should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

DONE at Brownsville, Texas, this 16th day of December, 2002.

Felix Recio
United States Magistrate Judge

---

[7] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO SALINAS-MENDEZ, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-02-158 CRIMINAL NO. B-00-359 |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2002.

_____
Hilda Tagle
United States District Judge